**GENE ROYCE, ESQ.**
Arizona Bar No. 2410
**LINCOLN, GUSTAFSON & CERCOS, LLP**
*ATTORNEYS AT LAW*
2415 E. Camelback Road, Suite 700
Phoenix, AZ 85016
Telephone:  (702) 257-1997
Facsimile:   (702) 257-2203
groyce@lgclawoffice.com

*Attorneys for Plaintiff,*
*AMMO A-Z, LLC*

**UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF ARIZONA**
**PHOENIX DIVISION**

| | |
|---|---|
| Ammo A-Z, LLC<br><br>*Plaintiff,*<br><br>v.<br><br>Zenith Firearms, Inc.<br><br>*Defendant.* | CASE NO.: _____<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff AMMO A-Z, LLC ("Plaintiff" or "AMMO A-Z") by and through its attorneys, hereby bring this action to recover sums owed to it by the Defendant, ZENITH FIREARMS, INC. ("Defendant" or "ZENITH"), and alleges as follows:

**PRELIMINARY STATEMENT**

1. This is an action for damages in excess of Seventy-Five Thousand ($75,000.00) Dollars, exclusive of interest or costs.

2. In the summer of 2023, Plaintiff AMMO A-Z prepaid $349,950.00 to Defendant ZENITH for the purchaser of ammunition that ZENITH never delivered.

3. After several missed delivery dates, AMMO A-Z and ZENITH executed a repayment agreement for the refund of the money owed on February 27, 2024 (the "Repayment Agreement").

/ / /

/ / /

4.     Pursuant to the Repayment Agreement, ZENITH would first ship one hundred rifles at a reimbursement value of $1,000 per rifle to AMMO A-Z and AMMO A-Z would accept the delivery and credit $100,000.00 against the $349,950.00 ZENITH owed to AMMO A-Z.

5.     Also pursuant to the Repayment Agreement, ZENITH would repay to AMMO A-Z the remaining $249,950.00 on or before March 31, 2024.

6.     As part of the Repayment Agreement, ZENITH admitted it owed AMMO A-Z $349,950.00 and waived all defenses.

7.     The Repayment Agreement also included payment of interest and reimbursement of attorney's fees if the Repayment Agreement was breached.

8.     As agreed in the Repayment Agreement, ZENITH shipped to AMMO A-Z one hundred rifles and AMMO A-Z credited $100,000 against the balance ZENITH owed.

9.     However, ZENITH has never paid AMMO A-Z the remaining $249,950.00 balance despite numerous requests and notices from AMMO A-Z.

## PARTIES

10.    At all times material hereto, Plaintiff AMMO A-Z, LLC was and is a limited liability corporation formed under the laws of Arizona with its principal place of business in Phoenix, Arizona.

11.    Upon information and belief, at all times material hereto, Defendant ZENITH was and is a corporation formed under the laws of Virginia with its principal place of business in Afton, Virginia.

## JURISDICTION AND VENUE

12.    This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a)(3), because this action is between citizens of different states, and the amount in controversy exceeds $75,000.

13.    This Court has personal jurisdiction over ZENITH because: (a) ZENITH entered into an agreement for the purchase of ammunition with AMMO A-Z in Arizona; (b) ZENITH conducted business with AMMO A-Z in Arizona; and (c) ZENITH consented to jurisdiction over it "in the state or federal courts of Arizona" when it entered into the Repayment Agreement from which this action stems:

/ / /

**11. GOVERNING LAW AND VENUE.** This Agreement, the entire relationship between AMMO A-Z and ZENITH, and any litigation or other legal proceeding between the parties shall be governed by and construed in accordance with the laws of the State of Arizona, without giving effect to its choice of law rules. Any lawsuits or other proceedings arising out of this Agreement or the money owed to AMMO A-Z shall be brought in a forum of competent jurisdiction in the state or federal courts of Arizona.

(**Ex. A**, Repayment Agreement.)

14. Venue is appropriate for this District under 28 U.S.C. § 1391(b)(3), because ZENITH consented to venue and this court's jurisdiction when it entered into the Repayment Agreement from which this action stems and because AMMO A-Z's principal place of business in Phoenix, Arizona.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

A. ***AMMO A-Z's Purchase of Ammunition***

15. In June of 2023, AMMO A-Z placed an order for 2,333,000 9mm (124gr.) full metal jacket rounds of ammunition (the "Subject Ammunition") from ZENITH.

16. An invoice was issued by ZENITH for the Subject Ammunition on June 23, 2023.

17. It was agreed that the Subject Ammunition would be provided to AMMO A-Z on or before November 24, 2023 so that AMMO A-Z could include it as part of its Black Friday sale.

18. AMMO A-Z issued a company check to ZENITH the same day it received the invoice, June 23, 2023, for the full $349,950.00 amount owed under the invoice.

19. ZENITH cashed AMMO A-Z's check for $349,950.00 on June 30, 2023.

B. ***ZENITH Failed to Deliver the Ammunition***

20. Despite cashing AMMO A-Z's check, ZENITH has never provided a single round of the Subject Ammunition to AMMO A-Z.

21. After the Subject Ammunition was not provided by the November 24th deadline, AMMO A-Z was advised that the Subject Ammunition would be provided by ZENITH by the end of the year, 2023. This date passed without any ammunition being provided.

C. ***The Shot Show Meeting***

22. In or around late January 2024, AMMO A-Z owner Veerachart Murphy met with Kutlay Kaya from ZENITH at Shot Show in Las Vegas, Nevada (the "Shot Show Meeting").

///

23. At the Shot Show Meeting, AMMO A-Z and ZENITH agreed that since ZENITH could not supply the ordered and paid for Subject Ammunition, ZENITH would instead provide AMMO A-Z with one hundred ZF5 rifles priced at $1,000 each, plus reimbursement of the remaining $249,950.00 in a cash refund or through the supply of the ordered ammunition.

24. On February 5, 2024, ZENITH advised Mr. Murphy that one hundred guns would be shipped to AMMO A-Z and a tracking number would be provided. ZENITH also advised that ZENITH would confirm the agreed possible resolution for the remaining $249,950.00 owed by February 8, 2024.

### D. The Repayment Agreement.

25. On February 27, 2024, ZENITH CEO Kutlay Kaya and Mr. Murphy executed the Repayment Agreement. (**Ex. A**, Repayment Agreement.)

26. Through the Repayment Agreement, ZENITH promised to: (a) transfer of one hundred ZF5 rifles priced at $1,000 to AMMO A-Z; and (b) pay AMMO A-Z $249,950.00 on or before March 31, 2024:

> **1.** Zenith hereby agrees to reimburse Ammo A-Z for the $349,950.00 as follows:
>
> a. $100,000 through the transfer of one hundred ZF5 rifles priced at $1,000 each from Zenith to Ammo A-Z. The rifles were already shipped to Ammo A-Z and shipment was rejected by Ammo A-Z. If it is still possible to accept the shipment, Ammo A-Z will do so upon execution of this Agreement. If this is not possible, Zenith will re-ship the one hundred rifles to Ammo A-Z immediately upon return of the rifles by the logistics carrier.
>
> b. Zenith will pay to the bank account indicated below, or as otherwise instructed in writing by Ammo A-Z, the balance owed to Ammo A-Z in the amount of $249,950.00 on or before March 31, 2024.

(**Ex. A**, Repayment Agreement.)

27. The "**PAYMENT**" Section of the Repayment Agreement expressly stated that "[t]ime is of the essence for the payments herein and any delay in payment, unless otherwise agreed by Ammo A-Z in writing, shall be a material breach of this Agreement triggering a Default in Section '2'" of the

Repayment Agreement. (**Ex. A**, Repayment Agreement.)

28. In the Repayment Agreement, ZENITH agreed that should it default on any of the payments in the Repayment Agreement, all outstanding amounts will immediately become due and AMMO A-Z would be entitled to seek a judgment against ZENITH for the full amount due (less any payments made or credits applied) plus interest, costs and fees:

> **2. DEFAULT.** In the event of a default in making any of the aforesaid payments and/or credits set forth in in Section "1" above ("Default"), all outstanding amounts will be immediately due and owing, and Ammo A-Z shall have the right to seek and enter judgment against Zenith for the full amount due to Ammo-A-Z, less any payments made (or credits applied) hereunder, plus interest, costs and fees described in Sections "3" and "4" below. Failure to exercise this option shall not constitute a waiver of the right to exercise the same at a later time for the same default or for any subsequent default.

(**Ex. A**, Repayment Agreement.)

29. In the Repayment Agreement, ZENITH also agreed that should it default on any of the payments in the Repayment Agreement, AMMO A-Z would be entitled to interest on the money owed at the rate of ten percent (10%) compounded annually, or the highest rate up to ten percent (10%) per annum allowable by applicable law, on the principal balance remaining unpaid at the time of the default from the date of the Repayment Agreement to the date that judgment is entered:

> **3. INTEREST.** It is agreed that in the event of a Default, interest shall accrue on the money owed to Ammo A-Z by Zenith at the rate of ten percent (10%) compounded annually, or the highest rate up to ten percent (10%) per annum allowable by applicable law, on the principal balance remaining unpaid at the time of the Default from the date of this Agreement to the date that judgment is entered. This is in addition to any direct or indirect recoverable damages for Ammo A-Z.

(**Ex. A**, Repayment Agreement.)

30. In the Repayment Agreement, ZENITH also agreed that should it default on any of the payments in the Repayment Agreement, ZENITH would be responsible to reimburse AMMO A-Z for all reasonable costs and attorneys' fees originally or subsequently incurred by AMMO A-Z for collection of the original amount owed, any amounts remaining unpaid, and enforcement of the Repayment Agreement:

/ / /

> **4. Costs and Fees.** It is further agreed that in the event of a Default, Zenith shall be responsible to pay all reasonable costs and attorneys' fees originally or subsequently incurred by Ammo A-Z for collection of the original amount owed, any amounts remaining unpaid, and enforcement of this Agreement.

(**Ex. A**, Repayment Agreement.)

31. In entering into the Repayment Agreement, Zenith expressly agreed that it does not have any defenses to the non-payment of the money owed to AMMO A-Z in the Repayment Agreement and it cannot challenge or dispute the amount claim by AMMO A-Z except for any amount paid and/or reimbursed by ZENITH to AMMO A-Z prior to any default and the amount AMMO A-Z may allege in attorney's fees and costs:

> **5. No Defense.** ZENITH agrees, represents, and warrants that it does not have any defenses to the non-payment of the money owed to AMMO A-Z as represented in this Agreement. Should AMMO A-Z seek a judgment for any Default, ZENITH shall not challenge the amount due under this Agreement. ZENITH agrees, represents, and warrants that the only defenses it may assert, should AMMO A-Z seek a judgment for any Default, is (1) for any amount reimbursed by ZENITH to AMMO A-Z prior to any Default under this Agreement; and (2) for any amount AMMO A-Z may allege in attorney's fees and costs.

(**Ex. A**, Repayment Agreement.)

32. Pursuant to the Repayment Agreement, ZENITH shipped and AMMO A-Z accepted the shipment one hundred (100) ZF5 rifles at a cost of $1,000 per rifle.

33. Also pursuant to the Agreement, AMMO A-Z credited ZENITH $100,000 for the rifles, reducing ZENITH's outstanding debt from $349,950.00 to $249,950.00.

34. However, the March 31, 2024 deadline passed and ZENITH did not pay – and has still not paid – AMMO A-Z the remaining $249,950.00 balance.

35. AMMO A-Z has placed ZENITH on notice of the default under the Repayment Agreement and has subsequent communication with Zenith about the overdue repayment, but to date, ZENITH has not paid any of the money owed to AMMO A-Z or attempted to cure the default.

/ / /

/ / /

/ / /

## COUNT I – BREACH OF CONTRACT

36. AMMO A-Z hereby repeats each and every allegation contained in paragraphs "1" through "35" of Plaintiff's Complaint as if same were more fully set forth herein at length and verbatim.

37. Plaintiff AMMO A-Z has performed all conditions, covenants and promises required to be performed by Plaintiff in accordance with the terms of its June 2023 contractual agreements with Defendant ZENITH for the purchase of the Subject Ammunition, and as established through the course of dealings.

38. As detailed above, Defendant ZENITH has breached its contractual agreements with Plaintiff AMMO A-Z by failing to deliver to the Subject Ammunition or reimburse AMMO A-Z for the Subject Ammunition.

39. In the Repayment Agreement, and elsewhere, Defendant ZENITH has acknowledged its contractual debt, the amount owed, and promised payment on multiple occasions but has not shipped ammunition nor has it issued repayment.

40. As a direct and proximate result of Defendant ZENITH's breach of the aforesaid contractual agreements, Plaintiff AMMO A-Z has suffered, and will continue to suffer, monetary damages in an amount in excess of $249,950.00 to be proven at trial, together with interest, attorneys' fees and costs of suit.

## COUNT II – BREACH OF CONTRACT

41. AMMO A-Z hereby repeats each and every allegation contained in paragraphs "1" through "35" of Plaintiff's Complaint as if same were more fully set forth herein at length and verbatim.

42. Plaintiff AMMO A-Z has performed all conditions, covenants and promises required to be performed by Plaintiff in accordance with the terms of the Repayment Agreement with Defendant ZENITH, and as established through the course of dealings.

43. As detailed above, Defendant ZENITH has breached the Repayment Agreement with Plaintiff AMMO A-Z by failing to deliver to repay the outstanding debt of $249.,950.00 by March 31, 2024.

44. Defendant ZENITH has contractually agreed to pay interest, costs and fees to Plaintiff in the Repayment Agreement.

45. Defendant ZENITH has acknowledged the contractual debt, the amount owed and promised payment on multiple occasions but has not shipped ammunition nor has it issued repayment.

46. As a direct and proximate result of Defendant ZENITH's breach of the aforesaid contractual agreements, Plaintiff AMMO A-Z has suffered, and will continue to suffer, monetary damages in an amount in excess of $249,950.00 to be proven at trial, together with interest, attorneys' fees and costs of suit as per the Repayment Agreement.

## COUNT III – ACCOUNT STATED

47. AMMO A-Z hereby repeats each and every allegation contained in paragraphs "1" through "35" of Plaintiff's Complaint as if same were more fully set forth herein at length and verbatim.

48. Defendant ZENITH agreed to pay Plaintiff AMMO A-Z $249,950.00 as compensation for the goods and services it received from Plaintiff.

49. As of the date of this Complaint, Defendant ZENITH has failed and/or refused to pay the agreed-upon $249,950.00 for the goods and services.

50. As a direct and proximate result of Defendant ZENITH's breach of the aforesaid contractual agreements, Plaintiff AMMO A-Z has suffered, and will continue to suffer, monetary damages in an amount in excess of $249,950.00 to be proven at trial, together with interest, attorneys' fees and costs of suit.

## COUNT IV – UNJUST ENRICHMENT

51. AMMO A-Z hereby repeats each and every allegation contained in paragraphs "1" through "35" of Plaintiff's Complaint as if same were more fully set forth herein at length and verbatim.

52. As a result of the conduct described above, Defendant ZENITH, has been, is, and will continue to be unjustly enriched at the expense of Plaintiff.

/ / /

/ / /

53. Specifically, Defendant ZENITH has been unjustly enriched by its improper, wrongful and/or unlawful actions at Plaintiff's expense, including but not limited to, withholding repayment and the ordered and paid for ammunition from Plaintiff.

54. As a direct and proximate result of Defendant ZENITH's unjust enrichment, Plaintiff seeks judgment in its favor to disgorge this unjust enrichment in accordance with the laws of the State of Arizona, together with interest, attorneys' fees, and costs of suit.

55. WHEREFORE, Plaintiff AMMO A-Z prays for a judgment in its favor and against Defendant ZENITH for an award for all compensatory damages, in an amount to be determined at trial, together with interest, attorneys' fees, costs of suit and disbursements of this action, and any such further relief this court deems just and proper.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, Plaintiff demands a trial by jury on all issues appropriate for the jury to consider.

DATED this 20th day of May, 2024.

**LINCOLN, GUSTAFSON & CERCOS, LLP**

*/s/ Gene Royce*

**GENE ROYCE, ESQ.**
Arizona Bar No. 2410
2415 E. Camelback Road, Suite 700
Phoenix, AZ 85016
*Attorneys for Plaintiff,*
*AMMO A-Z, LLC*