**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| AMMO A-Z, LLC,<br><br>                Plaintiff,<br><br>v.<br><br>Zenith Firearms, Inc.,<br><br>                Defendant. | No. CV-24-01177-PHX-DGC<br><br>**ORDER AND DEFAULT JUDGMENT** |

Plaintiff AMMO A-Z has filed a motion for default judgment against Defendant Zenith Firearms pursuant to Federal Rule of Civil Procedure 55(b).  Doc. 19.  For reasons stated below, default judgment is appropriate and will be entered in the amount of $268,847.72, plus post-judgment interest.

**I.   Background.**

Plaintiff's complaint contains the following allegations.  In 2023, Plaintiff prepaid $349,950 to Defendant for the purchase of ammunition that Defendant never delivered. Doc. 1 ¶¶ 2, 15-19.  After several missed delivery dates, Plaintiff and Defendant executed a Repayment Agreement (Doc. 1-1) on February 27, 2024, in which Defendant admitted it owed Plaintiff $349,950 and waived all defenses.  *Id.* ¶¶ 3, 6, 20-21, 25, 27-28, 31. Pursuant to the Repayment Agreement's terms, Defendant agreed to (1) ship one hundred rifles at a repayment value of $1,000 per rifle ($100,000 total) to Plaintiff, and (2) repay

Plaintiff the remaining $249,950 balance by March 31, 2024. *Id.* ¶¶ 4-5, 26. The Repayment Agreement requires payment of applicable interest and reasonable attorneys' fees and costs in the event of breach. *Id.* ¶¶ 7, 29, 30.

Defendant shipped the one hundred rifles to Plaintiff and Plaintiff credited $100,000 against the amount Defendant owed. *Id.* ¶¶ 8, 32-33. Defendant has not paid the remaining $249,950.00 balance or attempted to cure its breach of the Repayment Agreement despite numerous requests from Plaintiff. *Id.* ¶¶ 9, 34-35.

The complaint asserts claims for breach of contract, account stated, and unjust enrichment. *Id.* ¶¶ 36-54. The complaint requests a judgment against Defendant for compensatory damages, plus applicable interest, attorneys' fees, and costs. *Id.* ¶ 55.

Defendant was served with process on July 12, 2024 (Doc. 7), but has not filed a responsive pleading. Pursuant to Rule 55(a), the Clerk entered Defendant's default on August 28, 2024. Doc. 11. Defendant appeared in this action on October 11, 2024, stating that it would not move to set aside the default, but would request a hearing to determine the amount of damages to be awarded in a default judgment, including any interest, attorneys' fees, and costs. Doc. 18.

Plaintiff filed its motion for default judgment on November 1, 2024. Doc. 19. Defendant has filed a response, to which Plaintiff replied. Docs. 20, 21.

**II.    Discussion.**

  **A.    Default Judgment.**

After the Clerk enters default, the Court may enter default judgment pursuant to Rule 55(b). While the Court it is not required to make findings of fact, *see Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002), it should consider several factors: (1) the possibility of prejudice to Plaintiff, (2) the merits of the claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of factual disputes, (6) whether default is due to excusable neglect, and (7) the policy favoring decisions on the merits, *see Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

Plaintiff seeks default judgment in the principal amount owed of $249,950, plus applicable interest.  Doc. 19 at 3-4.  Defendant does not oppose default judgment with respect liability or the principal amount of $249,950.  *See* Doc. 20.  Having considered Plaintiff's motion, the supporting affidavit (Doc. 19-1), and the relevant *Eitel* factors, the Court finds that the requested default judgment is appropriate.

Defendant requests a hearing to determine the amount of pre-judgment interest, asserting that Plaintiff does not articulate its methodology in calculating the interest it claims is due.  Doc. 20 at 7.  But Plaintiff has made clear that it seeks pre-judgment interest on the principal amount at the rate of 10% per annum pursuant to the terms of the Repayment Agreement (Doc. 1-1 ¶ 3) and A.R.S. § 44-1201(A)(2) (interest is at the rate of ten percent a year).  Docs. 19 at 4, 20 at 4-5.

Applying the 10% per annum rate to the principal amount of $249,950.00, pre-judgment interest accrues at a daily rate of $68.47 ($249,950.00 x 0.1 ÷ 365).  *See* Doc. 20 at 5.  From April 1, 2024, the date of Defendant's breach of the Repayment Agreement, to December 20, 2024, the date of this judgment – a total of 276 days – prejudgment interest amounts to $18,897.72 ($68.47 x 276).  Adding this interest amount to the principal amount of $249,950.00 totals $268,847.72.  The Court will enter default judgment in the amount of $268,847.72 and deny Defendant's request for a hearing.  *See Ameris Bank v. MTA Transp., LLC*, No. 8:24-CV-00877-JLS-MAR, 2024 WL 4720934, at *1-4 (C.D. Cal. Oct. 23, 2024) (granting default judgement in a breach of contract case where the principal amount owed and pre-judgment interest could be calculated without a hearing); *Chucho Produce LLC v. Tonys Fresh Produce Inc.*, No. CV-21-00372-TUC-RM, 2022 WL 2304529, at *1-2 (D. Ariz. June 27, 2022) (same).

Under 28 U.S.C. § 1961(a), post-judgment interest is calculated at a rate equal to the weekly average 1-year Treasury constant maturity yield for the calendar week preceding the date of judgment.  *See* Doc. 21 at 6; Federal Reserve, *Selected Interest Rates*, https://www.federalreserve.gov/releases/H15/ (listing daily rates for 1-year Treasury constant maturity yields).  Defendant asserts that Plaintiff fails to specify

whether post-judgment interest should be calculated based on the principal amount owed or the total amount of the judgment. Doc. 20 at 7. This Circuit has made clear that "[p]ost-judgment interest should be awarded on the entire amount of the judgment, including any pre-judgment interest." *Lagstein v. Certain Underwriters at Lloyd's of London*, 725 F.3d 1050, 1056 (9th Cir. 2013) (citing *Air Separation, Inc. v. Underwriters at Lloyd's of London*, 45 F.3d 288, 291 (9th Cir. 1995)).

### B. Attorneys' Fees and Costs.

Plaintiff requests an award of attorneys' fees in the amount of $14,642.00 and costs for filing and service fees totaling $575.00. Doc. 21 at 2-4. But Plaintiff does not address all of the factors bearing on the reasonableness of the fee award. *See Hensley v. Eckerhart*, 461 U.S. 424, 429-30 & n.3 (1983); LRCiv 54.2(c)(3). Plaintiff shall have until **January 17, 2025** to file an appropriate motion for attorneys' fees and a separate bill of costs to be taxed by the Clerk. *See* Fed. R. Civ. P. 54(d); LRCiv 54.1, 54.2; *Chucho Produce*, 2022 WL 2304529, at *2.

**IT IS ORDERED:**

1. Plaintiff's motion for default judgment (Doc. 19) is **granted**.

2. Default judgment is entered in favor of Plaintiff AMMO A-Z, LLC and against Defendant Zenith Firearms, Inc. in the amount of **$268,847.72**.

3. Pursuant to 28 U.S.C. § 1961, Plaintiff is awarded post-judgment interest from the date of judgment until the judgment is satisfied.

4. Plaintiff shall have until **January 17, 2025** to file a motion for attorneys' fees and a bill of costs. Defendant shall have until **January 31, 2025** to respond, and Plaintiff may reply by **February 7, 2025**.

5. Defendant's request for a hearing is **denied**.

Dated this 2nd day of January, 2025.

David G. Campbell
Senior United States District Judge