WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| AMMO A-Z, LLC, | No. CV-24-01177-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Zenith Firearms, Inc., | |
| Defendant. | |

The Court granted Plaintiff AMMO A-Z's motion for default judgment against Defendant Zenith Firearms in the amount of $268,847.72, plus post-judgment interest. Doc. 22. Plaintiff now moves for an award of attorneys' fees and costs. Doc. 23. The motion is fully briefed and neither party requests oral argument. The Court will grant the motion and award Plaintiff $14,642 in attorneys' fees and $575 in costs.

**I.   Background.**

In 2023, Plaintiff prepaid $349,950 to Defendant for the purchase of ammunition that Defendant never delivered. Doc. 1 ¶¶ 2, 15-19. After several missed delivery dates, Plaintiff and Defendant executed a Repayment Agreement (Doc. 1-1) on February 27, 2024, in which Defendant admitted it owed Plaintiff $349,950 and waived all defenses. *Id.* ¶¶ 3, 6, 20-21, 25, 27-28, 31. Pursuant to the Repayment Agreement's terms, Defendant agreed to (1) ship one hundred rifles at a repayment value of $1,000 per rifle ($100,000 total) to Plaintiff, and (2) repay Plaintiff the remaining $249,950 balance by March 31, 2024. *Id.* ¶¶ 4-5, 26.

Defendant shipped the one hundred rifles to Plaintiff and Plaintiff credited $100,000 against the amount Defendant owed. *Id.* ¶¶ 8, 32-33. Defendant has not paid the remaining $249,950.00 balance or attempted to cure its breach of the Repayment Agreement. *Id.* ¶¶ 9, 34-35.

Plaintiff brought this action to recover the unpaid balance, asserting claims for breach of contract, account stated, and unjust enrichment. *Id.* ¶¶ 36-54. Defendant was served with process (Doc. 7), but filed no responsive pleading. The Clerk entered Defendant's default. Doc. 11. Defendant then appeared in this action and requested a hearing to determine the amount of damages to be awarded in a default judgment. Docs. 18, 20. The Court denied the request for a hearing and entered default judgment against Defendant. Doc. 22.

## II.     Plaintiff's Motion.

The availability of attorneys' fees in this diversity case is governed by state law. *See Brad Hall & Assocs. Inc. v. Elkotb*, No. CV-22-00155-TUC-RM, 2022 WL 3082527, at *1 (D. Ariz. Aug. 3, 2022) (citing *Diamond v. John Martin Co.*, 753 F.2d 1465, 1467 (9th Cir. 1985)). Where a contract provides for an award of fees to the prevailing party, Arizona law requires the Court to honor that provision and award fees in accordance with the contract. *Id.* (citing *McDowell Mtn. Ranch Comm. Assoc. v. Simons*, 165 P.3d 667, 670 (Ariz. Ct. App. 2007)).

The Repayment Agreement provides that in the event of default, "[Defendant] shall be responsible to pay all reasonable costs and attorneys' fees originally or subsequently incurred by [Plaintiff] for collection of the original amount owed, any amounts remaining unpaid, and enforcement of [the] Agreement." Doc. 1-1 ¶ 4. Plaintiff is entitled to reasonable attorneys' fees under this provision.

Plaintiff seeks $14,642 in fees for the time its counsel spent attempting to resolve the dispute pre-suit and litigating this matter through default judgment. Doc. 23. Having reviewed Plaintiff's motion (Doc. 23), the applicable fee agreement (Doc. 25-1), and counsel's declaration (Doc. 25-2), and having considered the record as a whole and the

relevant fee award factors, *see Hensley v. Eckerhart*, 461 U.S. 424, 430 n.3 (1983), the Court finds the requested fee award to be reasonable and appropriate. The Court will award attorneys' fees in the amount of $14,642 (42 hours at an hourly rate of ~$350).

Defendant notes that Plaintiff's motion does not include supporting documentation identified in Local Rule of Civil Procedure 54.2. Doc. 24. But Local Rule 54.2 "do[es] not apply to any motion which may be filed after the entry of a default judgment[.]" LRCiv 54.2(a); *see Brad Hall & Assocs.*, 2022 WL 3082527, at *1 n.1. What is more, Plaintiff provided supporting documentation with its reply brief. *See* Docs. 25-1, 25-2. Contrary to Defendant's assertion (Doc. 24 at 6), the deficiencies in Plaintiff's motion – which are now cured – do not warrant denial of a fee award. *See Gary v. Carbon Cycle Ariz. LLC*, 398 F. Supp. 3d 468, 483 (D. Ariz. 2019) (excusing the plaintiff's failure to strictly comply with the local rule where the supporting documentation he provided set forth the majority of information the rule requires); *Singh v. Pooni*, No. 2:14-CV-02146-JAM-DB, 2017 WL 1349742, at *2 (E.D. Cal. Apr. 5, 2017) ("Pooni opposes [the fee] motion based on several alleged procedural defects. To support his requested fees, Plaintiff submits two declarations and a billing sheet. Although these records are not of the quality and detail normally expected by this Court, they are minimally sufficient for this Court to assess whether the amount requested is reasonable.") (citations omitted).

Defendant does not object to Plaintiff's request for an award of costs in the amount of $575 ($405 for the filing fee and $170 for service of process). *See* Docs. 23-1, 23-2, 24 at 4. The Court will award these costs to Plaintiff.

**IT IS ORDERED:**

1. Plaintiff's motion for attorneys' fees and costs (Doc. 23) is **granted**.

2. Plaintiff is awarded **$14,642.00** in attorneys' fees and **$575.00** in costs.

Dated this 15th day of April, 2025.

David G. Campbell
Senior United States District Judge

3